UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————————————

UNITED STATES OF AMERICA

       - against -                12 Cr. 584 (JGK)

RANA KHANDAKAR AND USAWAN SAELIM,      <u>OPINION AND ORDER</u>

               Defendants.
————————————————————————————

JOHN G. KOELTL, District Judge:

    In August 2012, a Grand Jury in the Southern District of New York returned a three-count Indictment against the defendants, Rana Khandakar and Usawan Saelim.  Count One of the Indictment charged the defendants with conspiracy to commit access device fraud, in violation of 18 U.S.C. § 1029(b)(2). (Indictment ¶¶ 1-4.)  Count Two charged the defendants with conspiracy to commit mail fraud and bank fraud, in violation of 18 U.S.C § 1349.  (Indictment ¶¶ 5-8.)  Count Three charged the defendants with aggravated identity theft, in violation of 18 U.S.C. § 1028A and 2, as part of the fraudulent conspiracies charged in Counts One and Two of the Indictment.  (Indictment ¶ 9.)

    In May 2013, a Grand Jury returned a four-count Superseding Indictment against the defendants.  The Superseding Indictment charges the defendants with the same counts as the initial indictment, as well as an additional count.  Count Four of the Superseding Indictment charges the defendants with conspiracy,

in violation of 18 U.S.C. § 371, to steal government funds as
prohibited by 18 U.S.C. § 641. (Superseding Indictment ¶¶ 10-
12.) The Superseding Indictment alleges in Counts One and Two
that the defendants conspired to commit large scale and
sophisticated frauds involving millions of dollars of fraudulent
charges made on credit and debit card accounts. Count Three
alleges that the defendants committed aggravated identity theft
as part of those fraudulent conspiracies. Count Four alleges
that the defendants conspired "to obtain thousands of dollars in
Medicaid health benefits to which they were not entitled" by
filing false Medicaid applications that failed to disclose their
receipt of the proceeds of the frauds charged in Counts One and
Two. (Superseding Indictment ¶¶ 10-11.) The defendants now
move, pursuant to Rules 8(a) and 14(a) of the Federal Rules of
Criminal Procedure, to sever Count Four of the Superseding
Indictment related to alleged Medicaid fraud

## I.

The defendants argue that Count Four of the Superseding
Indictment was improperly joined to Counts One, Two, and Three,
because Count Four is unrelated to the other charges. The
Government responds that because Count Four alleges that the
defendants fraudulently obtained Medicaid benefits by failing to

disclose the sums of money they earned through the frauds
charged in the remaining counts, Count Four is a part of a
common scheme and should not be severed.

Rule 8(a) of the Federal Rules of Criminal Procedure
provides that multiple charges may properly be joined in the
same indictment "if the offenses charged . . . are of the same
or similar character, or are based on the same act or
transaction, or are connected with or constitute parts of a
common scheme or plan." Fed. R. Crim. P. 8(a).  Rule 8 sets
forth a "liberal standard for joinder." United States v.
McGrath, 558 F.2d 1102, 1106 (2d Cir. 1977).

Count Four is directly connected to the frauds charged in
the remaining counts.  Defendants may be tried jointly on
charges of fraud and charges stemming from the failure to report
the proceeds of that fraud.  Those charges are, in the words of
Rule 8(a), connected with or constitute parts of a common scheme
or plan.  Indeed, it is well settled that "if a defendant is
charged with fraud, the [G]overnment may prosecute the defendant
for fraud and for not paying taxes on the profits produced by
the alleged fraud jointly." United States v. Shellef, 507 F.3d
82, 98 (2d Cir. 2007); see also United States v. Turoff, 853
F.2d 1037, 1043 (2d Cir. 1988) ("[T]ax counts can properly be
joined with non-tax counts where it is shown that the tax

3

offenses arose directly from the other offenses charged."); United States v. King, No. 10 Cr. 122, 2011 WL 1630676, at *8-9 (S.D.N.Y. Apr. 27, 2011) (holding claims properly joined where defendant charged with tax evasion for failing to report money allegedly misappropriated in other charges in the indictment). "The most direct link possible between non-tax crimes and tax fraud is that funds derived from non-tax violations are . . . the unreported income." Shellef, 507 F.3d at 98 (quoting Turoff, 853 F.2d at 1043).  The Medicaid fraud charged in Count Four is analogous to a charge of income tax evasion that stems directly from the defendants' failure to report the proceeds of their frauds.  Counts One and Two charge fraudulent schemes to obtain funds.  Count Three charges aggravated identity theft in connection with the fraudulent schemes charged in Counts One and Two.  In Count Four, just as in the tax evasion cases where joinder has been found to be proper, the Government charges that the defendants committed a crime by failing to disclose the income earned through the fraudulent schemes in the other Counts charged.  Therefore, joinder of Count Four is proper.  See King, 2011 WL 1630676, at *9.

Furthermore, Count Four was properly joined because the defendants are alleged to have made false statements to Medicaid authorities by denying control of assets that the defendants

4

allegedly retained as a result of their other fraudulent
schemes.  Where a defendant is charged with submitting false
statements, and those false statements are related to another
fraudulent scheme, the charges of both the false statements and
the fraudulent scheme may be joined under Rule 8(a).  See United
States v. Ruiz, 894 F.2d 501, 505 (2d Cir. 1990); United States
v. Broccolo, 797 F. Supp. 1185, 1189-91 (S.D.N.Y. 1992), aff'd,
999 F.2d 536, 536 (2d Cir. 1995) (unpublished table opinion).

    Moreover, "[j]oinder is proper where the same evidence may
be used to prove each count."  United States v. Amato, 15 F.3d
230, 236 (2d Cir. 1994) (quoting United States v. Blakney, 941
F.2d 114, 116 (2d Cir. 1991)).  Here, the evidence of the profit
the defendants derived from their fraudulent schemes is the same
evidence that the Government will use to prove that the
defendants submitted false Medicaid applications.  The
Government has also proffered that it will use the Medicaid
applications to prove the defendants' consciousness of guilt for
Counts One, Two, and Three.  Furthermore, the Government has
proffered several false exculpatory statements that would be
admissible on all counts.

    Contrary to the defendants' arguments, the Government is
not alleging a completely separate scheme in Count Four.  Cf.
United States v. Litwok, 678 F.3d 208, 216-17 (2d Cir. 2012)

5

(reversing for misjoinder when a count of mail fraud had nothing to do with a jointly tried claim of unreported income); <u>Shellef</u>, 507 F.3d at 99 (reversing denial of motion to sever when tax violation occurred "before the conspiracy and wire fraud allegedly began"); <u>see also</u> <u>United States v. Halper</u>, 590 F.2d 422, 429 (2d Cir. 1978) (reversing convictions in joint trial of separate Medicaid fraud and tax evasion indictments because the charges had no demonstrable connection).  Count Four stems directly from the fraudulent schemes charged in Counts One and Two and the aggravated identity theft charged in Count Three was allegedly committed as part of the fraudulent conspiracies charged in Counts One and Two.  Unlike <u>Halper</u>, in which the Government conceded that "the sums charged in the income tax evasion indictment were not the same funds embraced in the Medicaid fraud indictment," 590 F.2d at 429, in this case the Government has proffered that it will prove that the defendants committed the Medicaid fraud charged in Count Four by demonstrating that the income derived from the fraudulent schemes charged in Counts One and Two was not reported on their Medicaid applications.

## II.

The defendants also argue that even if the counts were
properly joined, the counts should be severed pursuant to Rule
14 of the Federal Rules of Criminal Procedure.  Rule 14
provides, in relevant part, that "[i]f the joinder of offenses
. . . in an indictment . . . appears to prejudice a defendant
or the government, the court may order separate trials of counts
. . . ."  Fed. R. Crim. P. 14.  "Given the balance struck by
Rule 8, which 'authorizes some prejudice' against the defendant,
a defendant who seeks separate trials under Rule 14 carries a
heavy burden of showing that joinder will result in
'substantial prejudice.'"  Amato, 15 F.3d at 237 (quoting
Turoff, 853 F.2d at 1043); see also King, 2011 WL 1630676, at
*8.

The defendants have failed to carry their heavy burden of
demonstrating substantial prejudice.  The defendants argue that
the evidence of the frauds charged in Counts One, Two, and Three
would not be admissible in a trial of the Medicaid fraud in
Count Four and vice versa.  The defendants' primary argument is
that the evidence would be inadmissible pursuant to Rule 404(b)
of the Federal Rules of Evidence.  Rule 404(b) provides that
"[e]vidence of a crime, wrong, or other act is not admissible to
prove a person's character in order to show that on a particular

7

occasion the person acted in accordance with the character."
Fed. R. Evid. 404(b).  However, the Rule then provides that
"[t]his evidence may be admissible for another purpose, such as
proving motive, opportunity, intent, preparation, plan,
knowledge, identity, absence of mistake, or lack of accident."
Id.  Courts in the Second Circuit take an "inclusionary
approach" to the admission of other-act evidence, under which
"such evidence is admissible for any purpose other than to show
the defendant's criminal propensity," United States v. McCallum,
584 F.3d 471, 475 (2d Cir. 2009) (internal quotation marks
omitted), so long as the probative value of the evidence is not
substantially outweighed by the danger of unfair prejudice, see
id. at 476.

     Here, the fraudulent schemes alleged in Counts One, Two,
and Three, would be admissible in a separate trial on Count Four
to prove the defendants had income that they did not report on
their Medicaid applications.  See United States v. Mickens, 926
F.2d 1323, 1329 (2d Cir. 1991) (evidence of prior involvement in
unlawful activity admissible in tax evasion prosecution on
theory that unlawful activity provided the money the defendant
failed to declare).  Similarly, in a trial on Counts One, Two,
and Three, the defendants' false statements on their Medicaid

applications would be admissible to prove intent, knowledge, absence of mistake, and consciousness of guilt.  See, e.g., United States v. Hatfield, 685 F. Supp. 2d 320, 324 (E.D.N.Y. 2010) ("If, as [the] [d]efendants claim, they were legally entitled to all the compensation they received . . . they would have reported this compensation as income to the IRS.  The fact that they allegedly did not demonstrates the [d]efendants' consciousness of guilt.") (collecting cases).  Moreover, the evidence of the defendants' false exculpatory statements would also be admissible on all counts.

Finally, although the proof will be more extensive for the first three counts, because it is necessary to show the identity thefts rather than simply the receipt of income, that alone is insufficient to constitute "substantial prejudice" requiring severance.  See, e.g., United States v. Werner, 620 F.2d 922, 928 (2d Cir. 1980) ("In order to prevail, the defendant must show not simply some prejudice but substantial prejudice."); King, 2011 WL 1630676, at *8-9.  Because the counts are connected, and because the evidence would be admissible at separate trials, the defendants cannot demonstrate that substantial prejudice will result from the joinder of all four Counts.

**CONCLUSION**

The Court has considered all of the arguments of the parties.  To the extent not specifically addressed above, the remaining arguments are either moot or without merit.  For the reasons explained above, the defendants' motions to sever Count Four are **denied**.

**SO ORDERED.**

**Dated:    New York, New York**
            **July 23, 2013**                     _____/s/_____
                                         **John G. Koeltl**
                              **United States District Judge**